# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER MASSEY, | CIVIL ACTION NO.: |
| Plaintiff, | |
| v. | Civil Action<br>Action Removed: BER-L-5284-24 |
| BOROUGH OF BERGENFIELD, COREY GALLO, MUSTAFA RABBOH, RAFAEL MARTE, SALVADOR DEAUNA, ORA C. KORNBUTH, THOMAS A. LODATO, MARC PASCUAL, HERNANDO RIVERA, and DOMINGO ALMONTE, | **NOTICE OF REMOVAL** |
| Defendants, | |

**TO:**

Clerk, United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

Clerk, Superior Court of New Jersey
Bergen County Superior Court
10 Main Street
Hackensack, New
Jersey 07601

Dyan T. Hastings, Esq.
Williams Cedar, LLC
One South Broad Street, Suite 1510
Philadelphia, PA 19107
Attorneys for Plaintiff Christopher Massey

**PLEASE TAKE NOTICE** that Defendants Borough of Bergenfield, Corey Gallo, Mustafa Rabboh, Rafael Marte, Salvador Deauna, Ora C. Kornbuth, Thomas A. Lodato, Marc Pascual, Hernando Rivera, and Domingo Almonte ("Defendants") by their undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, based on the following grounds:

## I.    PROCEDURAL HISTORY

1. On or about September 11, 2024, Plaintiff Christopher Massey ("Plaintiff") commenced the instant action against Defendants in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, Docket No.: BER-L-5284-24, by the filing of their initial Complaint, *see* **Exhibit A**.

2. Plaintiff was a police officer employed by the Borough of Bergenfield ("Borough").

3. The crux of Plaintiff's claims in this litigation, as set forth in Plaintiffs' Complaint, are that the Borough discriminated against Plaintiff on the basis of his age in violation of Plaintiff's state protected rights, and deprived Plaintiff of federally protected rights when the Borough allegedly retaliated against Plaintiff for filing a federal lawsuit against the Borough on February 24, 2020.

4. On September 24, 2024, defendants received formal Service of Process of Plaintiff's Complaint.

5. The Borough submits this Notice of Removal as plaintiff's complaint contains a cause of action arising under federal law.

## II.    JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over all claims arising under federal law, pursuant to 28 U.S.C. §§ 1331. Indeed, Plaintiff asserts a specific claim arising under federal law in Count II of his complaint.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims that are asserting violations of the New Jersey Law Against Discrimination The New Jersey Constitution, Article 1, Paragraphs 1, 18, and 19, and the New Jersey Civil Rights Act. These claims are so related to Plaintiff's federal law claims that they form the same case and/or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §§ 1367.

8. Defendants' Notice of Removal was filed within the thirty-day of receiving formal Service of process and is thus timely pursuant to 28 U.S.C. §§ 1446.

9. By filing this Notice of Removal, the Borough does not waive any defenses, including, but not limited to, those related to jurisdiction, venue, and insufficiency of service of process.

10. Under 28 U.S.C. §§ 1441(a), the United States District Court for the District of New Jersey, Newark Vicinage, is the proper venue for removal jurisdiction because it embraces the place where this action is currently pending.

## III.    RESERVATIONS

11. For the purpose of this removal application, the Borough does not concede to the merits of Plaintiff's Complaint.

12. The Borough reserves all defenses.

13. The Borough reserves the right to amend or supplement this Notice of Removal if needed.

14. As to this matter, no further proceedings have been had in the Superior Court of New Jersey, Law Division, Bergen County.

**WHEREFORE**, the Borough prays this Honorable Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for District of New Jersey.

**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
21 Main Street, Suite 251
Hackensack, NJ 07601
(973) 533-1000
Attorneys for Defendants Borough of Bergenfield, Corey Gallo, Mustafa Rabboh, Rafael Marte, Salvador Deauna, Ora C. Kornbuth, Thomas A. Lodato, Marc Pascual, Hernando Rivera, and Domingo Almonte

 _/s/ John L. Shahdanian II_____
 John L. Shahdanian II, Esq.

Dated:    October 3, 2024

# EXHIBIT

# A

WILLIAMS CEDAR LLC
Dylan T. Hastings, Esquire
Attorney ID No. 166672016
One South Broad Street
Suite 1510
Philadelphia, PA 19107
215-557-0099
215-557-0673 (fax)
dhastings@williamscedar.com
*Attorneys for Plaintiff*

|  |  |  |
|---|---|---|
| CHRISTOPHER MASSEY, | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | BERGEN COUNTY – LAW DIVISION |
|  | : |  |
| Plaintiffs, | : | DOCKET NO._____ |
| v. | : | CIVIL ACTION |
|  | : |  |
| BOROUGH OF BERGENFIELD, | : | JURY TRIAL DEMANDED |
| COREY GALLO, | : |  |
| MUSTAFA RABBOH, | : | COMPLAINT |
| RAFAEL MARTE, | : |  |
| SALVADOR DEAUNA, | : |  |
| ORA C. KORNBLUTH, | : |  |
| THOMAS A. LODATO, | : |  |
| MARC PASCUAL, | : |  |
| HERNANDO RIVERA, and | : |  |
| DOMINGO ALMONTE, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

### INTRODUCTION

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff Christopher Massey ("Plaintiff") to redress the intentional violations by the Defendants of the rights secured to him by the laws of the State of New Jersey and United States of America. Among other things, Plaintiff seeks recovery for damages suffered as a result of Defendants' violations of the New Jersey Law Against Discrimination, New Jersey Civil Rights Act, and First Amendment of the United States Constitution.

2.     More specifically, Defendants have openly created a hostile work environment because of Plaintiff's age by embarking on a campaign of frequent harassment and discrimination to pressure Plaintiff to retire.

3.      Not only have Defendants discriminated against Plaintiff because of his age, but they have also created a hostile work environment in retaliation for Plaintiff filing a Federal civil rights lawsuit against the Borough, Mayor Arvin Amatorio, and several councilmembers in violation of the First Amendment of the United States Constitution.

4.     Consequently, Plaintiff has suffered lost wages and salary, lost benefits, loss of career advancement and opportunities, emotional distress, reputation harm, and physical manifestations of emotional distress.

**PARTIES**

5.      Plaintiff Christopher Massey is an individual residing at 634 Russell Snow Drive, River Vale, NJ who was born on April 25, 1969 ("Plaintiff"). At all material times, Plaintiff served as a Deputy Chief in the Borough of Bergenfield Police Department ("BFPD").

6.     The Borough of Bergenfield is a municipality located in Bergen County, NJ created under *N.J.S.A.* 40A:60-1 (the "Borough"). The Borough's governing body is comprised of a Mayor and 6 Council members. Under the borough form of government, the mayor retains all general law authority, presides over council meetings, and can vote in the event of a tie. The mayor appoints, with the advice and the consent of the council, all subordinate officers of the municipality. The council is the legislative body of the borough. All executive responsibilities are delegated to the borough's administrator.

2

7.      Defendant Corey Gallo, at all material times, served as the Borough's Administrator ("Defendant Gallo"). At all material times, Defendant Gallo was acting under color of State law in his individual capacity.

8.      Defendant Mustafa Rabboh, at all material times, served as Chief of the BFPD ("Defendant Rabboh"). At all material times, Defendant Rabboh was acting under color of State law in his individual capacity.

9.      Defendant Mayor Arvin Amatorio, at all material times, served as the Borough's mayor ("Defendant Amatorio"). At all material times, Defendant Amatorio was acting under color of State law in his individual capacity.

10.     Defendant Councilperson Rafael Marte, at all material times, served as the Borough's council president ("Defendant Marte"). At all material times, Defendant Marte was acting under color of State law in his individual capacity.

11.     Defendant Councilperson Salvador "Buddy" Deauna, at all material times, served as a Borough councilperson ("Defendant Deauna"). At all material times, Defendant Deauna was acting under color of State law in his individual capacity.

12.     Defendant Councilperson Ora C. Kornbluth, at all material times, served as a Borough councilperson ("Defendant Kornbluth"). At all material times, Defendant Kornbluth was acting under color of State law in her individual capacity.

13.     Defendant Councilperson Thomas A. Lodato, at all material times, served as a Borough councilperson ("Councilperson Lodato"). At all material times, Defendant Lodato was acting under color of State law in his individual capacity.

3

14.     Defendant Councilperson Marc Pascual, at all times material, served as a Borough councilperson ("Defendant Pascual"). At all material times, Defendant Pascual was acting under color of State law in his individual capacity.

15.     Defendant Councilperson Hernando Rivera, at all times material, served as a Borough councilperson ("Defendant Rivera"). At all material times, Defendant Rivera was acting under color of State law in his individual capacity.

16.     Defendant Councilperson Domingo Almonte, at all times material, served as a Borough councilperson ("Defendant Almonte"). At all material times, Defendant Almonte was acting under color of State law in his individual capacity.

**FACTS**

17.     Plaintiff entered the Borough of Bergenfield Police Department ("BFPD") in 1995 as a patrol officer after graduating from the Bergen County Police Academy.

18.     Plaintiff was promoted to Sergeant in 2003, Lieutenant in 2007, Captain in 2012, and Deputy Chief in 2015.

19.     On February 24, 2020, Plaintiff filed a reverse racial discrimination lawsuit against the Borough and several individual council members in the United States District Court for the District of New Jersey, Docket No. 2:20-cv-01942, based on Defendants' decision to promote Defendant Rabboh over Plaintiff to Chief of the BFPD (the "Federal Lawsuit").

20.     During litigation in the Federal Lawsuit, the parties participated in private mediation on October 4, 2022 where Defendant Gallo and defense counsel appeared on behalf of Defendants.

4

21. At the mediation, Defendant Gallo conditioned any potential settlement on Plaintiff's retirement, but refused to offer a sum of money remotely commensurate with Plaintiff's damages.

22. This was the first occasion that Defendants suggested that they wanted Plaintiff to retire during the course of the Federal Lawsuit.

23. The mediation was unsuccessful.

24. In February 2022, Defendant Gallo filed an Internal Affairs ("IA") complaint against Plaintiff based on audio recordings of him that Plaintiff produced in discovery in the Federal Lawsuit.

25. Defendant Gallo's IA complaint was the *first* IA complaint that Plaintiff received in his 27-year-career in the BFPD.

26. In fact, up until this point in Plaintiff's career, he had never been the subject of *any* disciplinary action.

27. On September 19, 2022, Plaintiff received a Preliminary Notice of Disciplinary Action ("PNDA") in connection with Defendant Gallo's IA complaint which sought a "written reprimand" as a form of punishment.

28. On September 22, 2022, Plaintiff requested a departmental hearing to address the September 19, 2022 PNDA which Defendant Amatorio and the Defendant Councilmembers ignored.

29. Thereafter, on October 21, 2022, Plaintiff filed a grievance regarding Defendant Amatorio and the Defendant Councilmembers' failure to schedule a departmental hearing in connection with the September 19, 2022 PNDA which they likewise ignored.

5

30. On October 20, 2022, Defendant Gallo unilaterally eliminated Plaintiff's take home police vehicle and flexible work schedule privileges provided for under his employment agreement for what Defendant Gallo concluded was a breach of the agreement based on the audio recordings that were already the subject of his earlier IA complaint.

31. On October 21, 2022, Plaintiff filed a grievance regarding Defendant Gallo's determination that Plaintiff breached his employment agreement which Defendant Amatorio and the Defendant Councilmembers ignored.

32. On October 22, 2022, Defendant Rabboh emailed Plaintiff alleging that he violated a BFPD policy by remotely logging into 5 virtual party depositions as a non-participant in the Federal Lawsuit from August 23, 2022 to September 29, 2022 while he was on "light duty" in his office and threatened to dock Plaintiff's pay.

33. Plaintiff voluntarily consented to a deduction of 9 hours from his vacation bank to avoid further harassment.

34. On October 22, 2022, Plaintiff filed a grievance regarding Defendant Gallo's elimination of his take home vehicle and flexible schedule privileges which Defendant Amatorio and the Defendant Councilmembers ignored.

35. On January 13, 2023, Plaintiff's paystub reflected that his health insurance deduction increased from 15% to 20% and that he did not receive a $500 senior officer pay increase.

36. When Plaintiff addressed this discrepancy with Defendant Gallo, Defendant Gallo responded that Plaintiff's health insurance contribution increased in accordance with the newly finalized PBA contract.

6

37.     However, Plaintiff's employment agreement specifically outlines his medical care contribution and is completely independent from that of the PBA contract which he referenced in an email to Defendant Gallo that Defendant Gallo ignored.

38.     Thereafter, on January 31, 2023, Plaintiff filed a grievance related to his increased health insurance contribution which Defendant Amatorio and the Defendant Councilmembers ignored.

39.     On February 20, 2023, while Plaintiff was out on medical leave following an invasive knee surgery that he underwent on January 30, 2023, Defendant Rabooh emailed him claiming that his doctor's note was insufficient because his doctor did not specify why he could not return on light duty and intimated that he may be violating a BFPD policy.

40.     In response, Plaintiff emphasized the language in his doctor's note that clearly provided that he could not perform "any work" while he was recovering from his surgery which Defendant Rabboh did not respond to.

41.     In March 2023, Defendant Almonte stated to a BFPD officer at a social function that the Borough needs to "get rid of" Plaintiff.

42.     On April 3, 2023, Defendant Gallo, Defendant Amatorio, and the Defendant Councilmembers presented a letter to Plaintiff at a meeting that accused him of abusing the Borough's sick leave policy for utilizing his sick days over the past few years for various surgeries to his shoulder and knee.

43.     In the letter, Defendants prohibited Plaintiff from continuing to benefit from the Borough's unlimited sick time policy and limited his sick leave to 15 days per year without depositing any extra sick days in his bank.

7

44.     Plaintiff should have received at least 435 sick days in his bank under the terms of his employment agreement which clearly provides:

> If at any time during the term of this agreement, the Borough Administrator and the Mayor and Council determine that the sick leave policy is being abused, the parties agree that the Deputy Chief will be limited to fifteen (15) sick days per year **and will be credited for fifteen (15) sick days per year for each year of service.** This decision will not be grievable.

45.     On April 14, 2023, Plaintiff filed a grievance in connection with Defendants' decision to eliminate his unlimited sick leave which Defendant Amatorio and the Defendant Councilmembers ignored.

46.     On April 19, 2023, Defendant Rabboh unilaterally reassigned Plaintiff from Patrol and Detective Bureau Commander—a role that he held for over a decade—to Patrol and Records Commander.

47.     Records was the only department that Plaintiff was never assigned to in his 28-year-career and one which he had little experience overseeing.

48.     Plaintiff requested on several occasions that Defendant Rabboh provide him training for his new position following his reassignment, but Defendant Rabboh ignored those requests.

49.     On May 15, 2023, Defendant Rabboh called Plaintiff into his office to present him a written reprimand in connection with Defendant Gallo's February 2022 IA complaint and asked Plaintiff if he ever recorded him.

50.     Interestingly, Plaintiff produced audio recordings of Defendant Gallo in the Federal Lawsuit of conversations where Defendant Rabboh was present in the same office, but these recordings were designated "Attorney's Eyes Only" pursuant to a Court Order.

51.     Despite the "Attorney's Eyes Only" designation, Defendant Rabboh was informed that he was recorded in the recordings that Plaintiff produced in the Federal Lawsuit which prompted his inquiry of Plaintiff in an attempt to catch him in a lie.

52.     However, Plaintiff honestly explained to Defendant Rabboh that he was present when he recorded Defendant Gallo on various occasions and was recorded during those conversations.

53.     These are the same recordings that formed the basis for Defendant Gallo's February 2022 IA complaint that Plaintiff received a written reprimand for.

54.      On May 18, 2023, Plaintiff filed a grievance related to his written reprimand which Defendant Amatorio and the Councilmember Defendants ignored.

55.     On June 1, 2023, Plaintiff sought permission from Defendant Rabboh to modify his subordinate officers' schedules for an important meeting, but Defendant Rabboh denied the request and instructed Plaintiff to modify his own schedule rather than his subordinates' in an effort to inconvenience Plaintiff.

56.     On July 7, 2023, Plaintiff received an IA complaint filed by Defendant Rabboh for the recordings that were already the  subject of Defendant Gallo's February 2022 IA complaint.

57.     On July 17, 2023, Plaintiff submitted an itemized list of BFPD issues to Defendant Rabboh to address at an upcoming staff meeting.

58.     The next day, Plaintiff received an IA complaint filed by Defendant Rabboh for "failure to supervise" based on the itemized list he submitted the previous day.

59.     On August 14, 2023, Plaintiff filed a harassment complaint with the Borough against Defendant Gallo for blowing a kiss at him in the BFPD parking lot and proceeding to stare

9

at him as he drove away on the same day which Defendant Amatorio and the Councilmember Defendants ignored.

60.     On September 12, 2023, a settlement conference was held in the Federal Lawsuit with Defendant Gallo and defense counsel appearing for Defendants.

61.     There, Defendant Gallo once again conditioned any settlement on Plaintiff's retirement and offered the same unrealistic sum of money that he did in the previous mediation.

62.     The settlement conference was unsuccessful.

63.     On October 5, 2023, Plaintiff filed a harassment complaint with the Borough against Defendant Gallo for mimicking a kiss at him and antagonistically nodding his head which Defendant Amatorio and the Defendant Councilmembers ignored.

64.     On October 23, 2023, Defendant Rabboh served Plaintiff a PNDA seeking a 45-day suspension regarding the IA complaint he filed against him based on the audio recordings that were previously the subject of Defendant Gallo's IA February 2022 IA complaint which Plaintiff is currently appealing to the Office of Administrative Law.

65.     Defendant Rabboh served this PNDA on Plaintiff 15 minutes before Plaintiff left the BFPD headquarters to travel to Italy with his wife to visit their eldest daughter who was studying abroad.

66.     On January 22, 2024, Plaintiff sent a request to Defendant Amatorio and the Defendant Councilmembers seeking whistleblower protection in connection with an IA complaint that Plaintiff filed against Defendant Rabboh and Captain Duran for violating the BFPD's uniform policy.

67.     On May 8, 2024, Defendant Rabboh filed an IA complaint against Plaintiff for speaking with non-law-enforcement personnel, i.e., Defendant Amatorio and the Defendant

10

Councilmembers, on January 22, 2024 regarding his request for whistleblower protection. Plaintiff has not received a PNDA in connection with this IA complaint, yet.

68.     On May 31, 2024, Plaintiff received a PNDA in connection with Defendant Rabboh's July 18, 2023 Complaint seeking a 10-day suspension.

69.     All of the foregoing actions and inactions of Defendants were purposefully crafted to discriminate against Plaintiff because of his age and retaliate against him for filing the Federal Lawsuit.

**COUNT I**
**PLAINTIFF v. ALL DEFENDANTS**
**NEW JERSEY LAW AGAINST DISCRIMINATION**

70.     Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

71.     Defendants discriminated against Plaintiff on the basis of his age.

72.     Defendants acted under the color of law, and subjected Plaintiff to the deprivation of his rights, privileges and/or immunities as secured by the New Jersey Law Against Discrimination.

73.     As a direct and proximate result of Defendants' actions, Plaintiff has, and will in the future, suffer pain, emotional distress, physical manifestations of emotional distress, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage-earning capacity, loss of benefits and past and future medical expenses.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

11

i.   Enter a declaratory judgment that Defendants' discriminatory acts complained of herein have violated and continue to violate the rights of Plaintiff's rights under the New Jersey Law Against Discrimination;

ii.   Enjoin Defendants from continuing said practices;

iii.   Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of life's pleasures, loss of reputation, benefits, emotional distress, and other damages;

iv.   Award reasonable costs and attorney's fees;

v.   Award punitive damages; and

vi.   Grant any other relief this Court deems just and proper.

**COUNT II**
**PLAINTIFF V. ALL DEFENDANTS**
**VIOLATION OF 42 U.S.C. §1983**
**FIRST AMENDMENT RETALIATION**

74.   Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

75.   Defendants violated provisions of 42 U.S.C. § 1983, in that Defendants, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to him by the First Amendment of the United States Constitution, in particular, the right to petition the Government without infringement of his First Amendment right to freedom of speech.

76.   Plaintiff engaged in a First Amendment protected activity by filing the Federal Lawsuit.

77.   In order to retaliate against Plaintiff for filing the Federal Lawsuit, Defendants began their campaign of harassment that included baseless discipline, ignoring Plaintiff's

12

grievances, intimidation, removing contractual benefits, and transferring Plaintiff to a different department among other unlawful acts.

78.     It is the custom of the Borough to permit the individual Defendants to retaliate against its police officers who exercise their First Amendment rights in a manner that the individual Defendants oppose. As a consequence of this custom, the individual Defendants retaliated against Plaintiff by instituting their campaign of harassment that included baseless discipline, ignoring Plaintiff's grievances, intimidation, removing contractual benefits, and transferring Plaintiff to a different department among other unlawful acts which represents the position of the Borough and renders it liable for said constitutional violations.

79.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered, and will continue to suffer, humiliation, embarrassment, lost wages, future loss of employment, loss of reputation, loss of benefits, loss of pension benefits, and past and future expenses.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    i.      Enter a declaratory judgment that Defendants' discriminatory acts complained of herein have violated and continue to violate the rights of Plaintiff's rights under the First Amendment;

    ii.     Enjoin Defendants from continuing said practices;

    iii.    Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of life's pleasures, loss of reputation, benefits, emotional distress, and other damages;

    iv.    Award reasonable costs and attorney's fees;

    v.     Award punitive damages; and

vi.     Grant any other relief this Court deems just and proper.

## COUNT III
## PLAINTIFF V. DEFENDANTS
## NEW JERSEY CONSTITUTION, ARTICLE 1, "RIGHTS AND PRIVILEGES" PARAGRAPHS 1, 18, and 19; THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-2

80.     Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

81.     Pursuant to Article 1 of this State's Constitution, all persons have the right to be free from arbitrary governmental interference as to employment opportunities, among other rights.

82.     Defendants interfered with these rights by retaliating against Plaintiff for filing the Federal Lawsuit as set forth above.

83.     By their conduct, Defendants have violated, and continue to violate, the New Jersey State Constitution and the United States Constitution.

84.     Pursuant to the New Jersey Civil Rights Act, *N.J.S.A.* 10:6-2, any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

85.     By their conduct, Defendants have violated the New Jersey Civil Rights Act by retaliating against Plaintiff for engaging in a First Amendment protected activity.

86.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered, and will continue to suffer, humiliation, embarrassment, lost wages, loss of reputation, loss of benefits, loss of pension benefits, and past and future expenses.

14

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

i.      Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiffs as secured by the United States Constitution;

ii.     Enjoin Defendants from continuing said discriminatory practices;

iii.    Award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of tenure, loss of life's pleasures, loss of reputation, benefits, emotional distress, physical manifestations of emotional distress, and other damages;

iv.     Award reasonable costs and attorney's fees; and

vi.     Grant any other relief this Court deems just and proper.

15

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff hereby demands a trial by jury on all issues set forth herein.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Dylan T. Hastings, Esquire is hereby designated as trial counsel for

Plaintiff is this lawsuit.

Respectfully submitted,

**WILLIAMS CEDAR LLC**

/s/ Dylan T. Hastings
Dylan T. Hastings, Esquire
Attorney I.D. No. 166672016
One South Broad Street
Suite 1510
Philadelphia, PA 19107
Phone: 215-557-0099
Facsimile: 215-557-0673
dhastings@williamscedar.com
*Attorneys for Plaintiffs*

Dated: September 11, 2024

16

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-005284-24

**Case Caption:** MASSEY CHRIS  VS BOROUGH OF BERGENFIE LD

**Case Initiation Date:** 09/11/2024

**Attorney Name:** DYLAN THOMAS HASTINGS

**Firm Name:** WILLIAMS CEDAR, LLC

**Address:** 8 KINGS HIGHWAY WEST, STE B HADDONFIELD NJ 08033

**Phone:** 8564709777

**Name of Party:** PLAINTIFF : Massey, Chris

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Chris Massey? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/11/2024
Dated

/s/ DYLAN THOMAS HASTINGS
Signed