<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHRISTOPHER MASSEY., <br><br> *Plaintiff*, <br><br> v. <br><br> BOROUGH OF BERGENFIELD, et al., <br><br> *Defendants*. | Civil Action No. 24-9610 <br><br> **OPINION** <br><br> June 30, 2025 |

**SEMPER**, District Judge.

This matter comes before the Court on Magistrate Judge José R. Almonte's Report and Recommendation (ECF 13, "R&R") issued on June 12, 2025, recommending that the Court grant Plaintiff Christopher Massey's ("Plaintiff") motion to remand the action to the Superior Court of New Jersey, Law Division, Bergen County (the "State Court"). (ECF 3-1, "Mot.")  Defendants Borough of Bergenfield (the "Borough"), Corey Gallo, Mustafa Rabboh, Rafael Marte, Salvador Deauna, Ora C. Kornbuth, Thomas A. Lodato, Marc Pascual, Hernando Rivera, and Domingo Almonte (collectively "Defendants") opposed Plaintiff's motion (ECF 8, "Opp.") and objected to Judge Almonte's Report and Recommendation.  (ECF 15, "Obj.")  The Court has reviewed and considered all relevant submissions and decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court adopts Judge Almonte's June 12, 2025 Report and Recommendation and **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the State Court.

1

I.       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A detailed procedural background of this case is set forth in Magistrate Judge Almonte's June 12, 2025 Report and Recommendation, and will only be repeated here where necessary to provide context for this Court's review.

This action arises from Plaintiff's claims of alleged harassment, discrimination, and retaliation by the individual Defendants while employed with the Borough.  (R&R at 2.)  Plaintiff originally filed a complaint in State Court alleging a federal civil rights claim in violation of 42 U.S.C. § 1983, as well as two claims under the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1 *et seq.* and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2.  (ECF 1, Notice of Removal, Ex. A ¶¶ 70-86.)  On October 3, 2024, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  (*Id.* ¶¶ 6-10.)  Shortly after this case was removed, on October 11, 2024, Plaintiff filed an Amended Complaint which removed the federal civil rights claim.  (ECF 2.)  The Amended Complaint, now the operative complaint, contains only two counts that are both based in state law.  (*Id.* ¶¶ 75-86.)

Plaintiff now moves to remand this action back to the State Court, arguing that because the operative complaint only asserts two state law causes of action, this Court lacks subject-matter jurisdiction.  (Mot. at 2.)  Defendants opposed the motion by arguing that "Plaintiff's second complaint should not be remanded simply because Plaintiff has artfully deleted a federal cause of action, in light of the history of the parties and this Court's familiarity with Plaintiff's actions." (Opp. at 2.)  On May 2, 2025, the parties submitted supplemental briefs pursuant to Judge Almonte's Order that addressed whether the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) impacts the analysis of Plaintiff's motion.  (ECF 11; ECF 12.)

On June 12, 2025, Judge Almonte filed a detailed Report and Recommendation which found that this Court does not have subject-matter jurisdiction to hear this case and recommended that it be remanded to the State Court. (R&R at 7.)  Defendants timely objected, specifically arguing that this Court should deny Plaintiff's motion to remand because his state-law claims arise from the same nexus of facts as his deleted federal claim and because the parties have engaged in prior litigation in this District. (Obj. at 2-3.)

## II.    LEGAL DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," a magistrate judge will submit a Report and Recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the [magistrate judge]. The judge may also receive further evidence or recommit the matter to the [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. *See, e.g., United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

A court's decision on a motion to remand is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Washington Bancorp,*

*Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object). In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. *See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion").

As an initial matter, this Court has reviewed the Report and Recommendation *de novo* and agrees in all respects with Judge Almonte's reasoning.  Judge Almonte determined that this Court lacks subject-matter jurisdiction to adjudicate the amended complaint, which exclusively asserts state law claims.  (R&R at 7.)  This Court adopts Judge Almonte's recommendation.

Instructive here, the Supreme Court resolved a disagreement between the Courts of Appeal about whether "[w]hen a plaintiff amends her complaint to delete the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state claims," and unanimously decided that in such circumstances district courts cannot exercise supplemental jurisdiction and "the case must be remanded to state court." *Royal Canin*, 604 U.S. at 22.  In accordance with principles of *stare decisis*, this Court must follow the Supreme Court's ruling in *Royal Canin*.

The Court will briefly address Defendants' specific objections.  Defendants object to Judge Almonte's recommendation finding that this Court may not exercise supplemental jurisdiction, arguing that the circumstances here are distinct from *Royal Canin* because there the lawsuit was "the first and only litigation between the parties."  (Obj. at 2.)   Defendants also renew the arguments in their opposition and supplemental briefs that this Court should deny Plaintiff's

motion to remand because his state-law claims arise from the same nexus of facts as his federal claim.  (*Id.*)

Defendants "do not contest" the holding in *Royal Canin* or Judge Almonte's analysis of that holding in his Report and Recommendation.  (Obj. at 3.)  Further, Defendants acknowledge that "federal courts must look **to the amended complaint only** for subject matter jurisdiction, and **not** the original complaint that was properly removed from state court."  (*Id.* at 4 (emphasis added) (citing *Royal Canin*, 604 U.S. at 41-44)).  The *Royal Canin* ruling is directly applicable in these circumstances, and Defendants provide no persuasive distinction between it and the case at bar.[1]

Because this Court does not have discretion to exercise supplemental jurisdiction over the state law claims in the Amended Complaint, it must remand the action to the State Court. *See Royal Canin*, 604 U.S. at 33-34 ("[T]here is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them.").  Accordingly, Defendants' objections are overruled.

## III.    CONCLUSION

For the reasons stated above, the Court hereby adopts Magistrate Judge Almonte's Report and Recommendation (ECF 13) and **GRANTS** Plaintiff's motion to remand (ECF 3).  This case will be remanded to the Superior Court of New Jersey, Law Division, Bergen County. An appropriate order follows.

---

[1] Defendants argue in their objections that this Court should be persuaded by the Third Circuit's decision in *Seawright v. Greenberg*, 233 F. App'x 145 (3d Cir. 2007), but concede that in *Seawright* the plaintiff's complaint still contained references to federal law, which the Court found could support a finding that the complaint still arose under federal law.  (Obj. at 5-6.)

_/s/ Jamel K. Semper_
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:        Clerk
cc:          José R. Almonte, U.S.M.J.
               Parties

6